**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIA A. ROSARIO,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>Defendant. | Civil Action No. 20-13658 (GC)<br><br>**MEMORANDUM ORDER** |

**CASTNER, U.S.D.J.**

  **THIS MATTER** comes before the Court upon Plaintiff's counsel's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act. (ECF No. 23.) The Court decides the motion based on the written submissions of the parties and without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

  On May 4, 2022, the Court entered an Order in this action for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, which reversed the Commissioner of Social Security's decision and remanded for further administrative action. (ECF Nos. 18 & 19.) The parties then submitted a consent order pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), which awarded Plaintiff's counsel $7,400.00 in attorney's fees, entered by the Court on May 23, 2022. (ECF No. 22.) The consent order states that the EAJA award was "made in full satisfaction of any claims and all claims for fees, costs, and other expenses made pursuant to 28 U.S.C. § 2412." (*Id.* at 1.)

On remand, the Appeals Council referred Plaintiff's case to an Administrative Law Judge to further evaluate her claim. (ECF No. 23-3 at 2.) On December 14, 2023, the ALJ issued a favorable decision finding Plaintiff had become disabled under the Social Security Administration's rules starting on February 27, 2012. (*Id.*; ECF No. 23-7 at 3.)

On May 16, 2024, Plaintiff's counsel moved pursuant to 42 U.S.C. § 406(b) for fees to be awarded to James Langton, Esq., in the amount of $25,903.25. (ECF No. 23.) Counsel argues that the "fee request in this case is reasonable and petitioner should recover the 'full compensatory fee' as the claimant received 'excellent results'" and "awarded retroactive benefits" of $103,613.00. (ECF No. 23-3 at 3.)

Counsel asks the Court to award $25,903.25 in attorney's fees, which represents "25% of past due benefits to which the claimant is entitled by reason of a judgment rendered in favor of the claimant [pursuant to] 42 U.S.C. 406(b)(1)." (*Id.* at 2.) Counsel writes that Plaintiff "understands that she will receive a refund of . . . $7,4000.00," as required by the EAJA. (*Id.* at 4-5.) Attached to counsel's motion is a schedule listing the services rendered, which reflects approximately 35 hours expended on the case. (ECF No. 23-5.) Also attached is the July 23, 2019 contingency fee agreement between Plaintiff and counsel that indicates that Plaintiff agreed to attorney's fees that will not exceed twenty-five percent of past-due benefits. (ECF No. 23-6.) Counsel also provides a copy of the January 9, 2024 notice of award from the Social Security Administration, which states that the agency "withheld $25,903.25 from [Plaintiff's] past due benefits . . . to pay your representative." (ECF No. 23-7 at 4.)

Defendant filed a response to the motion, writing that "Defendant neither supports nor opposes counsel's request for attorney's fees in the amount of $25,903.25, under 42 U.S.C § 406(b)." (ECF No. 24.) Defendant explains that the Commissioner's role is to be "a trustee for

claimants" and that it is for the Court to decide if the request is reasonable under the law. (ECF No. 24 at 1-2 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)).)

The attorney-fee provision of the Social Security Act states:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

[42 U.S.C. § 406(b)(1)(A).]

Contingent fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. The Social Security Act "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* There is one firm "boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* Factors that may weigh in favor of reducing a fee award include "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* While a litigant may be awarded fees under both the EAJA and the Social Security Act, the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits. *Id.* at 796.

Here, Plaintiff's counsel seeks the maximum twenty-five percent contingency fee, in the total amount of $25,903.25, for the approximately 35 hours spent litigating that resulted in the Court reversing and remanding the Commissioner's earlier decision. Plaintiff eventually received $103,613.00 in past-due benefits. Although the attorney's fee amount compared to the

number of hours expended by counsel is on the higher end of what the Court believes is reasonable, there is no evidence of delay or other factors that convince the Court it is necessary under the present circumstances to reduce the award sought. The Court has reviewed the itemization of services rendered and believes the time attributed to particular tasks is reasonable, and counsel's work resulted in a favorable decision to Plaintiff. Further, counsel represents that he has significant experience representing claimants in Social Security matters and took the representation on a contingency basis, which meant that there was a chance counsel could have received nothing if the decision had been unfavorable. Canvassing similar cases, the Court has identified fee awards in the same general per hour amount. *See, e.g., Acosta v. Comm'r Soc. Sec.*, Civ. No. 22-1454, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) ($18,303.25 in fees for 17.1 hours); *Mignone v. Comm'r of Soc. Sec.*, Civ. No. 13-6054, 2018 WL 259949, at *2 (D.N.J. Jan. 2, 2018) ($29,500.00 in fees for 34.7 hours).

Accordingly, the Court finds that, on balance, the present contingent fee arrangement comports with § 406(b) and is reasonable. The Court will award Plaintiff's counsel the twenty-five percent of past-due benefits sought and will order counsel to remit to Plaintiff the prior award made under the EAJA. For these reasons, and other good cause shown,

**IT IS** on this 29th day of July, 2024, **ORDERED** as follows:

1. The Motion for Attorney's Fees is **GRANTED**. James Langton, Esq., is awarded attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $25,903.25 (or 25% of past-due benefits due to Plaintiff by reason of this Court's judgment, whichever is less).

2. Plaintiff's counsel shall remit to Plaintiff the $7,400.00 in attorney's fees previously awarded (*see* ECF No. 22) under the Equal Access to Justice Act, 28 U.S.C. § 2412.

3.     Plaintiff's counsel is directed to send a copy of this Memorandum Order to Plaintiff within three (3) business days.

4.     The case shall remain **CLOSED**.

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**